FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 21 PM 6: 42
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 21, 2020

MEMORANDUM TO MR. FOREMAN AND COUNSEL

Re: *Foreman v. West,*
Civil Action No. ELH-19-1534

Dear Counsel and Mr. Foreman (by first class mail):

As you know, plaintiff Marcus Foreman, a Maryland Division of Correction prisoner, brought this civil rights action against the State of Maryland, the Maryland Department of Public Safety and Correctional Services, and Assistant Warden Walter West. ECF 1 ("Notice of Removal"); *see also* ECF 3 ("Complaint"). Plaintiff, who is incarcerated at Eastern Correctional Instituiton ("ECI"), seeks money damages arising from injuries he allegedly sustained in March 2016 while attempting to access his upper bunk. ECF 1 at 3-4. The Complaint contains two counts: Count I alleges "Neglgience" under State law, and Count II asserts violations of 42 U.S.C. § 1983 and the Maryland Declaration of Rights. *Id.* at 4-5.

Notably, plaintiff filed suit in the Circuit Court for Baltimore County on March 26, 2019. ECF 1, ¶ 3. At the time, plaintiff was represented by Breon Lamar Johnson, Esq. *See* ECF 1-1 ("State Complaint") at 7.

Defendants removed this case to this Court on May 23, 2019, under federal question jurisdiction. ECF 1; *see* 28 U.S.C. §§ 1331, 1441(a). Thereafter, defendants sought an extension of time on May 24, 2019, to answer the Complaint (ECF 6), which the Court granted the same day.

ECF 7. Defendants requested another extension on June 12, 2019 (ECF 8), which the Court also granted, setting June 28, 2019, as the deadline for defendants' response. ECF 9.

On June 28, 2019, defendants filed a motion to dismiss under Fed. R. Civ. P 12(b)(6) or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56(a). ECF 10. The motion is supported by a memorandum of law. ECF 10-1 (collectively, the "Motion"). Defendants argue that plaintiff's suit must be dismissed because he failed to exhaust his administrative remedies, ECF 10-1 at 5-10; the State is entitled to sovereign immunity, *id.* at 10-11, 13; and plaintiff fails to state plausible claims against Assistant Warden West. *Id.* at 11-12.

Plaintiff's opposition to the Motion was due on July 15, 2019. *See* Local Rule 105.2(a) (providing 14 days to file an opposition to a motion); *see also* Fed. R. Civ. P. 6(e) (granting an additional 3 days if service is by mail). He did not respond by that date. On September 23, 2019, plaintiff submitted a letter to the Court, requesting additional time to retain counsel. ECF 11. Plaintiff explained that, after defendants removed the suit to this Court, his attorney, Mr. Johnson, informed him that "he is currently unable to practice law and that [plaintiff] should immediately retain other counsel." *Id.* at 1. Plaintiff also asked to delay his response until he obtained counsel.

The Court has not heard from Mr. Foreman since his letter. The docket does not reflect that Mr. Johnson has withdrawn his representation of Mr. Foreman, or that Mr. Foreman has obtained new counsel. Thus, it appears that Mr. Foreman is self-represented.

I shall grant plaintiff until March 23, 2020, to apprise the Court as to whether he has obtained representation. Of course, if plaintiff obtains counsel, the lawyer may seek to amend the Complaint. Therefore, in the interests of judicial economy and efficient administration, I shall deny the Motion (ECF 10), without prejudice to the right of defendants to refile their Motion at a

later time, if apprioriate. If no attorney enters the case for plaintiff by March 23, 2020, defendants may then renew their Motion.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge